UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
VINCENT C. FINIZIA,                                                    :
                                                                       :
                Plaintiff,                              :
                                                                       :       **COMPLAINT & JURY**
   - against -                                                        :       **DEMAND**
                                                                       :
CRAWFORD & COMPANY, KIMBERLY BETHEA, in                                :       Case No. _____
her corporate capacity as VP of Crawford's Northeastern                :
Region and in her individual capacity, and JOHN DOES                   :
1 – 10, in both their corporate and individual capacities,             :
                                                                       :
                Defendants,                             :
-----------------------------------------------------------------------X

By and through his counsel, Jimmy M. Santos, Esq., of the LAW OFFICES OF JIMMY M. SANTOS, PLLC, Plaintiff Mr. Vincent C. Finizia ("Plaintiff" or "Mr. Finizia"), hereby avers against Defendants:

## I. THE PARTIES, JURISDICTION & VENUE

1. Plaintiff Mr. Vincent Finizia is a seventy (70) year old male. He resides at 69 PEWTER CIRCLE, Chester, Orange County, NY 10918.

2. At all relevant times, Defendant CRAWFORD & COMPANY ("Crawford") was Plaintiff's employer and was/is an "employer" under the meaning of the term since it had and continues to have in the aggregate twenty (20) or more employees as required under the Age Discrimination in Employment Act of 1967 (the "ADEA"), and Secs. 296, *et al.* of the New York Executive Law (the "NYSHRL").

1

3. Upon information and belief, Crawford's corporate headquarters in the United States is located at 5335 Triangle Parkway, Peachtree Corners, GA 30092.

4. At all relevant times, upon information and belief, Crawford is a domestic company created under the laws of Georgia and/or the United States.

5. At all relevant times, upon information and belief, Crawford was and continues to be in the business (both nationally & internationally) of providing claims management solutions to insurance companies and self-insured entities through a large global network of operations.

6. At all relevant times, upon information and belief, Crawford offered and continues to offer solutions in workers' compensation claims, administration and healthcare management services, property and casualty claims management, class action services, and risk management information services.

7. At all relevant times, Defendant Kimberly Bethea ("BETHEA"), served and continues to serve as the VP of Crawford's Northeastern Region, was Plaintiff's second-in-line Supervisor/ Manager, and had the authority and exercised her authority to negatively affect the terms and conditions of Mr. Finizia's employment at Crawford due to his age (at the time, 69) and as set forth below.

8. At all relevant times, Defendants JOHN DOES 1 through 10 (who have yet to be identified), served and continue to serve as Managers at Crawford who had the power and authority to negatively affect the terms and conditions of Plaintiff's employment at Crawford and did exercise their authority to negatively affect the terms and conditions of Mr. Finizia's employment at Crawford due to his age (at the time, 69) and as set forth below.

9. Upon information and belief, Defendants Bethea, and JOHN DOES 1 through 10 (collectively, the "Individual Defendants") directly participated in the disparate treatment, up to

and including the termination of Mr. Finizia's employment, due to Plaintiff's age (at that time, 69).

10. At all relevant times, upon information and belief, the Individual Defendants made decisions or played a role in the decisions to adversely affect the terms and conditions of Mr. Finizia's employment at Crawford due, in whole or substantial part, to his age (at the time, he was 68 or 69).

11. This Court has personal jurisdiction over all the defendants, pursuant to NY CPLR sec. 301, since all defendants have "engaged in such a continuous and systematic course of doing business [in New York state] as to warrant a finding of [all defendants to be present] in this jurisdiction".

12. Moreover, for purposes of establishing subject matter jurisdiction and personal jurisdiction over all the defendants for plaintiff's claims under the NYSHRL, defendants' "unlawful discriminatory practices [sic] affected the terms, conditions, or privileges of Mr. Finizia's employment in New York and "had a discriminatory impact on Plaintiff in New York".

13. This Court has federal question jurisdiction over plaintiff's claims under the ADEA is invoked pursuant to 29 U.S.C. § 631, *et al* and under 42 USC secs. 1331 and 1343.

14. The jurisdiction of this Court over plaintiff's claims under the NYSHRL is invoked pursuant to 28 USC sec. 1367(a) since plaintiff's federal and New York state claims all "stem from the same nucleus of operative facts."

15. Prior to filing this action with the Court, with respect to plaintiff's claims of unlawful discrimination under the ADEA, Plaintiff received a right to sue letter dated April 12, 2021 from the EEOC, and commenced this action within ninety (90) days of plaintiff's receipt of the same, and which is annexed hereto.

16. Venue is proper in this judicial district (the 'SDNY") since all of defendants' unlawful employment practices and decisions alleged herein, and/or the adverse effects from these practices and decisions on the terms and conditions of Plaintiff's employment at CareMount "took place", were committed and/or occurred in this judicial district pursuant to 28 USC sec. 1391.

## CLAIMS FOR DISPARATE TREATMENT DUE TO PLAINTIFF'S AGE (65).

17. In or about May 2018, the Crawford hired Mr. Finizia to serve as a property claims adjuster (or "Adjuster") for Crawford's Northeastern Region.

18. At all relevant times, Plaintiff was an exemplary employee and competently and satisfactorily performed all of his job functions as an Adjuster.

19. At all relevant times, Defendants never received any deficiency write-ups nor did he engage in any misconduct while he was employed by Crawford.

20. Prior to and/or at the beginning of the Covid-19 pandemic, in or about February 2020, Bethea hired another property claims adjuster for the Northeastern Region who is in her early 20s' years of age (and Mr. Finizia's main "Comparator").

21. At all relevant times, in comparison to Mr. Finizia, the Comparator had less certifications, work experience, work skills, and working knowledge as an Adjuster than the Plaintiff.

22. As pretext for unlawful age discrimination, on May 1, 2020, Bethea advised Mr. Finizia that, due an alleged "realignment" caused by the pandemic, Crawford had to terminate Mr. Finizia's employment.

23. However, Crawford, and specifically Bethea, specifically did not terminate the recently hired Adjuster in her '20s whose qualifications and seniority are less than those of the Plaintiff.

24. Citing the pandemic as the reason for an alleged lesser number of claims (although this is false), the Individual Defendants for the Northeastern Region executed a reduction-in-force which had a disproportionate impact on property and casualty claims adjusters in there 50s and over: the average age of those terminated is 50.1 years old, *whereas*, the average age of those who were retained is 40 years old or under 40.

25. Upon information and belief, the ratio of employees in their '50s terminated in Crawford (NE) is significantly significant and shows that the RIF had a greater disparate comfort than those Crawford (NE) ages 50 & over than who remained in their '40s.

26. However, upon information and belief, during the Covid-19 Pandemic Defendant Crawford & Company's administered "an overflow" of claims in the geographical areas to which Plaintiff was assigned.

27. As a result of all Defendants' discrimination against Plaintiff on the basis of his age (68 or 69, at the time), the Plaintiff has, and will likely continue to, suffer significant economic consequences, including lost wages, unpaid commissions and benefits, as well as physical sickness and emotional distress.

28. Defendants' actions were malicious and wanton and must be punished and deterred.

29. Defendants' disparate treatment towards the Plaintiff and others age 50 and over who were terminated due to their age was intentional and in violation of the ADEA and the NYSHRL.

## AS AND FOR PLAINTIFF'S 1ST CAUSE OF ACTION AGAINST DEFENDANT CRAWFORD & COMPANY FOR DISCRIMINATING AGAINST PLAINTIFF DUE TO HIS AGE UNDER THE ADEA, AS AMENDED

30. Plaintiff hereby repeats and re-alleges each allegation contained in paragraphs 1 through "29" above.

31. As set forth in more detail above, defendant Crawford & Company subjected Plaintiff to disparate and inferior treatment in comparison to Plaintiff's younger co-workers, including but not limited to its discharge of Plaintiff, which was due, in whole or in substantial part, on his age of 29 U.S.C. § 631, *et seq*.

## AS AND FOR PLAINTIFF'S 2ND CAUSES OF ACTION AGAINST ALL DEFENDANTS FOR DISCRIMINATING AGAINST PLAINTIFF DUE TO HIS AGE UNDER THE NYSHRL

32. Plaintiff hereby repeats and re-alleges each allegation contained in paragraphs 1 through "31" above.

33. As set forth in more detail above, all defendants subjected Plaintiff to disparate and inferior treatment in comparison to plaintiff's co-workers under the age of 40, including but not limited to their discharge of Plaintiff, which was due, in whole or in substantial part, on his age in violation of N.Y. Executive Law §§ 290, *et seq*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Court empanel a jury of his peers, and enter judgment against Defendants as follows, in an amount to be determined at trial, inclusive but not limited to:

(a) an award of damages for all back and front wages owed Plaintiff due to defendants' termination of his employment based, in whole or in part, on plaintiff's age in violation of the 29 U.S.C. § 631, *et seq*. and the NYSHRL;

(b) an award of full compensatory damages as against defendants for their unlawful discriminatory and retaliatory acts against Plaintiff in an amount to be determined at trial, including payment for Plaintiff suffering severe physical and mental distress and injury, mental anguish, humiliation, and embarrassment from defendants' unlawful discriminatory acts under the ADEA, and the NYSHRL;

(c) an award of liquidated and/or punitive damages against all defendants for their agents' intentional and malicious unlawful discriminatory acts due to Plaintiff's age in an amount to be determined at trial under the NYSHRL;

(d) an award of Plaintiff's reasonable attorney's fees and the costs of prosecuting this action under 42 USC sec. 1988, 42 USC sec. 1981a, the ADEA, and the NYSHRL; *and*

(e) any such other and further relief that this Court may deem just and proper.

Dated: July 3, 2021
      Cornwall, New York

                                    Respectfully Submitted,

                                    /S/ *Jimmy M. Santos*
                                    Jimmy M. Santos, Esq. (JS-0947)
                                    LAW OFFICES OF JIMMY M. SANTOS, PLLC
                                    28 Wilson Place
                                    Cornwall, New York 12518
                                    Telephone: (845) 537-7820
                                    Fax:    (845) 595-2266
                                    Email: jmssesq@gmail.com
                                    *Attorney for Plaintiff Vincent Finizia*